# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>DIONNE R. FRAZIER,<br><br>                      Debtor | Chapter 13<br>Case No. 06-11764-RS |
| DIONNE R. FRAZIER,<br><br>                      Plaintiff<br><br>v.<br><br>RESIDENTIAL FUNDING<br>  CORPORATION;<br>HOMECOMINGS FINANCIAL; and<br>US LOSS MITIGATION,<br><br>                      Defendants | Adversary Proceeding<br>No. 06-1295 |

### MEMORANDUM OF DECISION ON
### MOTION FOR RECONSIDERATION OF
### <u>ORDER ABSTAINING AND DISMISSING COMPLAINT</u>

By the present motion, the Debtor and Plaintiff, Dionne Frazier, seeks reconsideration of this Court's order of August 16, 2006, by which the Court abstained from adjudicating her complaint herein and accordingly dismissed the complaint without prejudice. The motion states no grounds for reconsideration under FED. R. CIV. P. 59 or 60, only that the Plaintiff believes the Court's rulings of law were in error. This is not cause to vacate or amend the judgment. Therefore, reconsideration is denied.

Plaintiff also contends, accurately, that the Court did not explain its reasoning in concluding that the counts in the complaint were not core proceedings. The Court will use this opportunity to expand upon its reasoning. The various counts in the complaint seek both damages and, as against one defendant, a determination that its prepetition foreclosure sale was

wrongful and ineffective to divest the Debtor of title to certain real property, and that title to such property remains in her. The causes of action arose entirely before the Debtor filed her bankruptcy petition. The rights they seek to adjudicate were rights the Debtor held when she commenced this case. They do not arise under bankruptcy law, but entirely under state law, and could have been brought by the Debtor prior to her bankruptcy filing. For these reasons, the various counts are not core proceedings. The fact that these counts are actions to liquidate prepetition assets of the estate, or to determine the property rights of the debtor as against a third-party (*i.e.*, a party other than the estate) as of the date of the bankruptcy filing, does not bring them within the scope of 28 U.S.C. § 157(b)(2)(O) (stating that core proceedings include "other proceedings affecting the liquidation of the assets of the estate"). By that definition, every *Marathon*-type action would, despite the holding of the Supreme Court in Marathon, constitute a core proceeding. So construed, subsection 157(b)(2)(O) would be unconstitutional for the reasons articulated in Marathon. This cannot have been Congress's intent. Rather, subsection 157(b)(2)(O) must be construed consistently with *Marathon*. So construed, it includes, for example, adversary complaints under 11 U.S.C. § 363(h) and motions under 11 U.S.C. § 363(f), both of which *affect* the liquidation of assets of the estate, but not *Marathon*-type actions, straight-forward actions to liquidate claims of the estate that arose prepetition or to determine the Debtor's interest's in property (as against parties other than the estate) as of the date of the bankruptcy filing. For these reasons, the various counts are not core proceedings.[1]

---

[1] A count that would not on its own merits constitute a core proceeding can nonetheless be a core proceeding if it is asserted as a counterclaim to a claim against the estate. See 28 U.S.C. § 157(b)(2)(C). However, none of the defendants appears to have filed a claim in this case. The Plaintiff does not maintain otherwise.

2

The Plaintiff also argues that "[a]s an alternative, it appears to be open to the court to transfer the matter to the District Court . . . or to recommend that the reference to the Bankruptcy Court be withdrawn." This argument was not raised by the Plaintiff in response to the Court's order to show cause. It may not be raised for the first time on reconsideration without good cause, but none has been pled. In any event, the power to withdraw the reference lies in the District Court, not the Bankruptcy Court. 28 U.S.C. § 157(d) ("The district court may withdraw . . . ."). And no motion to withdraw was filed while this adversary proceeding remained pending.

For these reasons, the Court will enter a separate order denying the motion for reconsideration.

Date: 9-21-06

Robert Somma
United States Bankruptcy Judge

cc: David Baker, Esq., for Plaintiff
    Charles P. Kindregan, Esq., for US Loss Mitigation
    David Rosen, Esq., for Homecomings Financial
    Chapter 13 Trustee